## GUZMÁN *v.* JULBE.

### APPEAL from the District Court of Humacao.

No. 548.—Decided June 20, 1911.

PARTITION OF INHERITANCE—REPORT OF MASTER (CONTADOR-PARTIDOR)—GROUNDS OF OBJECTION THERETO.—In order that this court may examine the facts which serve as grounds for objecting to the report of a master which has been approved by the lower court, the record must show the antecedents or data which served the master as grounds in the preparation of his report.

ID.—INVENTORY MADE BY MASTER—INCREASE OF CAPITAL.—An increase of $39,-945.69 in three years, as shown by the inventory made by the master in a capital of $45,381.15 is not an improbable or exaggerated increase, considering that it has been the result of agricultural transactions and transactions in cattle and sugar.

The facts are stated in the opinion.

*Messrs. Eduardo Acuña* and *José E. Figueras* for appellant.

*Mr. Juan Vías Ochoteco* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

Victoria López Julbe died in 1906 without executing any will. She was married at the time of her death to Julio D. Guzmán, having by said marriage a child who died before his mother. Dolores Julbe, the mother of Victoria López, and Julio D. Guzmán, the husband of the decedent, were by the

District Court of Humacao declared to be the heirs. Julio D. Guzmán was appointed the judicial administrator. The parties could not agree upon the inventory and division of the estate, so the court referred the proceedings to a special accountant equivalent to a master in American practice, but known as a *contador-partidor* under our practice. In due time this master made his report. The parties, by stipulation, agreed that certain debts should be stricken out, and agreed upon other matters, and then the court made the following order:

"Judicial District of Humacao. Dolores Julbe, widow of López, *ex parte.* Intestacy of Victoria López. Appointment of a Judicial Administrator. Order.—The foregoing report is hereby approved, with certain modifications stated below, in accordance with the written stipulations read in open court in which it is agreed that the account in favor of Don Antonio Roig only amounts to the sum of $13,313.67.

| | |
|---|---:|
| Deducting this amount from the total debts, this leaves the sum of | $41, 893. 38 |
| The general value of all the property being | 85, 326. 84 |
| There remains to divide, deducting the debts | 41, 893. 38 |
| Balance | 43, 433. 46 |
| The common deductions amount to | 32, 411. 90 |
| There being, therefore, to be divided as community property | 11, 021. 56 |
| And belonging to each spouse | 5, 510. 77 |
| In the part belonging to the dead woman the husband has a third part in usufruct, equal in this case to | 1, 836. 92 |
| And there remains in favor of the heiress of the decedent | 3, 673. 85 |
| To this sum interest must be added from the 1st day of January, 1907, when the pension assigned to such heiress began, or namely for a period of about 36 months | 661. 14 |
| Which makes a total in her favor of | 4, 334. 99 |

Deducting the advance of $800 and a
monthly pension of $100 for a like pe-
riod, which amounts to_____    3, 500. 00

Remains in favor of Da. Dolores Julbe,
widow of López_____     834. 99

And then the court goes on to order other things which do
not affect the merits of this appeal.

Both parties appeared, and each party came to this court
saying that the court below refused to sign a bill of exceptions
or statement of the case, and this court supported that re-
fusal upon the idea that the evidence upon which the court
below acted must all be before it, and that whatever said
court had before it to make its order could be regularly cer-
tified to us, it not being necessary to reduce statements of
witnesses to form. The record, however, as certified contains
nothing but the report of the master and none of the data from
which his account was made up. Consequently, this court has
been unable to follow the arguments upon the facts made
by counsel because it has not had sufficient matter before it.
The appeal in this case is directed against the alleged error
of the master, namely, that in making up his total amount of
assets he figured the inventory of the estate as $45,381.15,
and figured the increase by reason of the products and the
sales of fruits and cattle at $39,945.69. The appellants main-
tain that in the $39,945.69 is included a large number of items
which were already necessarily included in the $45,381.15;
that the master counted the crops in the original inventory
and then counted all or part of the same crops as a part of
the alleged increase. We are utterly unable to say that the
master in so doing committed any error because we have
not the data to which we have heretofore referred. The
master states this sum of $39,945.69 in his report as an in-
crease, and without some further showing the presumption
arises from such report and the consequent order of the court
that this sum was such increase. It does not seem unreason-

able that a capital of $45,381.15 should produce an increase of $39,945.69 in operations extending over three years, especially when these operations relate to agricultural matters like sugar and cattle. The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.